Guillermo Ernesto GUEVARA–
CALDERON, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–71140.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2012.

Filed May 2, 2012.

Guillermo Ernesto Guevara–Calderon,
Los Angeles, CA, pro se.

OIL, Kelly J. Walls, Esquire, Trial,
Carl Henry McIntyre, Jr., Assistant Di-
rector, DOJ–U.S. Department of Justice,
Washington, DC, CAC–District Counsel,
Esquire, Office of the District Counsel,
Department of Homeland Security, Los
Angeles, CA, Ronald E. LeFevre, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
for Respondent.

Before: KLEINFELD and M. SMITH,
Circuit Judges, and MARBLEY, District
Judge.*

MEMORANDUM **

The Government submitted to the Immi-
gration Judge ("IJ") two documents from
Guillermo Ernesto Guevara–Calderon's

("Guevara's") record of conviction: the
complaint and the docket printout. Both
are cognizable for purposes of the modified
categorical approach. *Shepard v. United
States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 161
L.Ed.2d 205 (2005); *United States v.
Strickland,* 601 F.3d 963, 968 (9th Cir.
2010).

The complaint charged Guevara with un-
lawful possession of "a controlled sub-
stance, to wit, cocaine (base)." The docket
sheet says that Guevara pleaded guilty to
this count. There is no indication that he
might have pleaded to an amended charge.
This is sufficient to establish that Guevara
pleaded guilty to possession of cocaine
base. Cocaine base is a Schedule II drug,
which makes Guevara removable. 8
U.S.C. § 1227(a)(2)(B)(i); 21 U.S.C.
§§ 802(6), 812(c); *United States v. Butler,*
74 F.3d 916, 922 (9th Cir.1996).

Substantial evidence supports the IJ's
finding that Guevara's beating by soldiers
was not on account of his political opinion,
but rather because he participated in a
violent attack on the soldiers' air force
base, and therefore was not past persecu-
tion. *Kozulin v. INS,* 218 F.3d 1112, 1116
(9th Cir.2000). Even if past persecution
had created a rebuttable presumption of a
well-founded fear of future persecution,
the rebuttal was sufficient. *See Garcia-
Martinez v. Ashcroft,* 371 F.3d 1066, 1073–
74 (9th Cir.2004). Thirty years has passed
since the beating, Guevara traveled back
to El Salvador for several weeks without
incident, and the 2006 country report said
that there were no reports of the Salvado-
ran government committing any politically
motivated killings, and no reports of politi-
cally motivated disappearances. The rec-
ord supports the finding that Guevara

* The Honorable Algenon L. Marbley, District
Judge for the U.S. District Court for the
Southern District of Ohio, sitting by designa-
tion.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

failed to meet the burden for withholding, for the same reasons that Guevara did not demonstrate a well-founded fear of future persecution on account of his political opinion. *Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). Likewise, he failed to carry his burden for Convention Against Torture relief. 8 C.F.R. § 1208.16(c)(2).

**DENIED.**

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.